# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-0549V
(not to be published)

| | |
|---|---|
| ALFRED SANDOVAL,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 22, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates |

*Scot Tyler Scheuerman*, Scheuerman Law Firm, PLLC, San Antonio, TX, for Petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 4, 2020, Alfred Sandoval filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome resulting from the adverse effects of an influenza vaccination received on October 11, 2018. (Petition at 1). On May 4, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 12, 2022, (ECF No. 41), requesting a total award of $37,285.67 (representing $35,160.00 in fees and $2,125.67 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 33). Respondent reacted to the motion on May 12, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 42). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

    A. <u>Hourly Rates</u>

Petitioner requests compensation for attorney Scot Scheuerman, at the rate of $400 per hour for all time billed between 2020-22. (ECF No. 41-2). Mr. Scheuerman has been a licensed attorney for over 26 years. (ECF No. 41-1 at 1). In light of his overall experience, and taking into account the OSM guidelines applied to attorney rates, the requested blanket rate is reasonable, and I award it herein.

    B. <u>Paralegal Tasks at Attorney Rates</u>

Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Here, Petitioner's counsel appears to have billed some time to paralegal-level work. Examples of these entries include (but are not limited to):

- February 20, 2020 (0.20 hrs) "Preparation of records request to Methodist Hospital";

- March 30, 2020 (0.20 hrs) "Preparation of 2nd records request to Alamo Neurology Consultants";

- April 28, 2020 (0.20 hrs) "TC w/Family Medical Home re: status of medical records request";

- July 7, 2020 (0.30 hrs) "Preparation of employment records request to Quinney Electric, Inc";

- August 28, 2020 (0.20 hrs) "TC to Aetna re: status of Insurance Benefits Statement request";

3

- January 20, 2021 (0.20 hrs) "Preparation of follow-up 2nd request for Social Security Disability";

- August 25, 2021 (0.50 hrs) "Preparation of Notice of Filing Exhibits, amended Exhibit List & assemble new exhibits"; and

- November 3, 2021 (0.20 hrs) "TC from Family Medical Home re: medical records update request.

(ECF No. 41-2 at 1-7).

I shall reduce Mr. Scheuerman's rate for these paralegal tasks to the following: $163 per hour for 2020, and $172 per hour for time billed in 2021. These rates are comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$3,340.50**.[3]

## ATTORNEY COSTS

Petitioner requests $2,125.67 in overall costs. (ECF No. 41-2 at 10). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$33,945.17** (representing $31,819.50 in fees and $2,125.67 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran

---

[3] This amount is calculated as follows: ($400 - $163 = $237 x 8.9 hrs = $2,109.30) + ($400 - $172 = $228 x 5.4 hrs = $1,231.20) = $3,340.50.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

Chief Special Master